UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHARBEL GEORGE SLAYBI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 25-40004-MRG |
| ) | |
| **MASSACHUSETTS STATE POLICE,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**
**August 4, 2025**

**GUZMAN, D.J.**

By Memorandum and Order dated May 5, 2025, Plaintiff Charbel George Slaybi ("Slaybi") was granted leave to proceed *in forma pauperis* and he was directed to file an amended complaint that, among other things, identifies the John Doe defendants. The Court advised Slaybi that if he amends the original complaint, it will be an amended complaint is filed, it will be subject to screening. On May 13, 2025, the Court granted Slaybi's motion for extension of time and he was ordered to file his amended complaint by June 3, 2025.

On May 16, 2025, Slaybi filed an amended complaint and on May 19, 2025, he filed his second amended complaint.[1] Slaybi filed the second amended complaint ("SAC") on the preprinted Pro Se 15 form [complaint for violation of civil rights (non-prisoner)] provided by the Administrative Office of the United States Courts. (ECF 11). Named as defendants are the Massachusetts State Police; Jacob Champoux, police officer; and Jacob Mick, police officer. *Id.* at 1 (caption), ¶ I (the parties to the complaint). Slaybi checked boxes for the defendants to indicate that he is bringing his claims against each of them in their "official capacity." *Id.* at ¶

---

[1] The most recently filed amended complaint (ECF 11) is now the operative pleading.

I(B) (the defendants).  Slaybi brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his rights under the Ninth and Fourteenth Amendments.  *Id.* at ¶ II(B) (basis for jurisdiction).  Slaybi's claims arise out of a December 27, 2024 incident involving two state police officers, *id.* at ¶ III (statement of claim), for which he seeks monetary and injunctive relief. *Id.* at ¶ V (relief).

The Court recognizes that, for each defendant, Slaybi checked the boxes for "official" but not "individual" capacity.[2]  Slaybi, as a non-lawyer, may have checked the official capacity box as a way to hold these officers personally liable for actions taken as police officers.  However, checking the "individual capacity" box would not shield them from personal liability because state officials sued individually are within the class of "persons" liable under § 1983 even when "acting in their official capacities."  *Hafer v Melo*. 502 U.S. 21, 22-23 (1991); *see also Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 76 (1st Cir. 2019).  Because of this, checking the "individual capacity" box would not shield the police officers from personal liability.

The First Circuit has adopted a "course of proceedings" test, which examines the "substance of the pleadings and the course of proceedings" to determine whether a party intended to sue an individual in their personal capacity, official capacity, or both. *Powell v.*

---

[2] The terms "official capacity" and "individual capacity" have specific meaning in the context of litigation.  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, "a suit against state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Supreme Court has ruled that neither a state nor state officials acting in their official capacities are "persons" within the meaning of § 1983.  *See Will*, 491 U.S. at 71 (1989); *see also Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").  The only exception to this rule is where a state official is sued in her or his official capacity for injunctive relief.  *See Will*, 491 U.S. 71 n.10. ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" (quoting *Kentucky v. Graham*, 473 U.S., at 167 n.14)).

*Alexander*, 391 F.3d 1, 22-23 (1st Cir. 2004). "Factors relevant to this analysis include the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity." *Id.* at 22 (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)). Additionally, where the plaintiff is *pro se*, courts in this Circuit have construed the complaint liberally as suing a defendant in both official and individual capacities. *See Niemic v. Massachusetts Dep't of Correction*, No.13-cv-11402-JLT, 2014 WL 12796057, at *4 (D. Mass. Mar. 25, 2014).

At this early stage of the proceedings, Slaybi asserts Section 1983 claims against the defendant police officers for allegedly depriving him of his constitutional rights, which is applicable against a defendant in both his official and individual capacities. <u>See Assi v. Hanshaw</u>, 625 F. Supp. 3d 722, 738 (S.D. Ohio 2022). In addition, Slaybi seeks both injunctive relief and punitive damages. *See Powell,* 391 F.3d at 23 (holding that "punitive damages are not available against governmental officials sued in their official capacities"); *Pieve-Marin v. Combas-Sancho*, 967 F. Supp. 667, 671 (D.P.R. 1997) (noting that money damages are only "available in an individual capacity suit" while injunctive relief is "available in an official capacity suit"). Given that these factors point to personal liability and that Slaybi is *pro se*, the Court construes the SAC as suing Champoux and Mick in both their official and individual capacities.

Upon review of the pleadings, the Court ORDERS:

1. The Clerk shall issue summonses for defendants Jacob Champoux, Jacob Mick and the Massachusetts State Police. The Clerk shall send the summonses, second amended complaint (ECF 11) and this Order to Plaintiff, who must thereafter serve these defendants in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff shall have 90 days from the date of the issuance of summonses to complete service.

2. Because Slaybi has been granted leave to proceed *in forma pauperis*, he may arrange for service by the United States Marshals Service. If directed by Slaybi to do so, the United States Marshals Service shall serve the summonses, second amended complaint, and this Order upon the defendants, in the manner directed by plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshals Service, it remains plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: August 4 , 2025