**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CHARBEL GEORGE SLAYBI**<br>**Plaintiff,**<br><br>**v.**<br><br>**MASSACHUSETTS STATE POLICE, JACOB CHAMPOUX, and JACOB MICK,[1]**<br>**Defendants.** | **Civ. No. 25-cv-40004-MRG** |

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 29] AND MOTIONS TO DISMISS [ECF Nos. 35, 37]**

**GUZMAN, J.**

This case concerns *pro se* Plaintiff Charbel George Slaybi and his claims that two Massachusetts State Police ("MSP") officers deprived him of his constitutional rights during the execution of an arrest warrant. Slaybi sues the two officers, Jacob Champoux and Jacob Mick (collectively the "Officer-Defendants") in their official capacities, and the MSP. The Second

[1] Officer Mick has since passed away during the pendency of the action. [See ECF No. 43 (suggestion of death as to Jacob Mick)]. As a spoiler, the Court holds that the case must be dismissed on jurisdictional and substantive grounds, so the Court will not delve into any substitution analysis as outlined by Fed R. Civ. P. 25. The Advisory Committee Notes for Rule 25(d) state that automatic substitution is "merely a procedural device . . . distinct from" and not "affect[ing] any substantive issues which may be involved in the action. Thus a defense of immunity from suit will remain in the case despite a substitution." Fed. R. Civ. P. 25 Advisory Committee's Note (1961). The Court finds the same to be true of the substitution issue here. While automatic substitution would not occur since Officer Mick was not a public officer, the advisory notes suggest that the substantive issues at hand may be addressed without hashing into the weeds on this preliminary step.

Amended Complaint ("SAC") seeks relief under 42 U.S.C. § 1983 and asserts an action for intentional infliction of emotional distress ("IIED") under state law.

Officer Champoux moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), and Officer Mick and the MSP move to dismiss the action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF Nos. 29, 35, 37]. For the reasons stated below, the Court **GRANTS** all three motions.

## I. BACKGROUND

Slaybi's Second Amended Complaint alleges the following facts, which the Court accepts as true for the purposes of the preceding motions.[2] At around 4:46 AM on December 27, 2024, Slaybi was in the driver's seat of his car in a parking lot on Millbury Street in Worcester, Massachusetts, accompanied by an individual named Shawna.[3] [SAC at 4]. Officers Champoux and Mick arrested Slaybi pursuant to an arrest warrant.[4] [Id.] The officers removed Slaybi from the driver's seat of his vehicle and Officer Champoux placed him in handcuffs. [Id.] After placing Slaybi into the back seat of the police cruiser, the two officers returned to Slaybi's vehicle. [Id.] The officers spoke with Shawna and asked her whose cell phone was in the car. [Id.] Officer Mick reached into the vehicle and took Slaybi's cell phone. [Id.]

Slaybi alleges the officers illegally seized his cell phone and claims intentional infliction of emotional and economic distress because of the officers' actions, but does not allege that he suffered any physical injuries. [Id. at 5]. The Complaint names Officers Champoux and Mick as

---

[2] Motions under Rule 12(b) and motions for judgment on the pleadings both require the Court to view the facts and draw reasonable inferences in the plaintiff's favor. See N. End. Chamber of Com., Inc. v. City of Bos., 184 F.4th 1, 10 (1st Cir. 2026) (motion to dismiss); Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007) (judgment on the pleadings).

[3] Slaybi refers to her as "Shawna {Shauna}" in the Complaint, so for ease of reading, the Court will refer to her as just "Shawna."

[4] Slaybi does not contest the validity of the arrest warrant.

Defendants in their official capacities only, and the MSP. [Id. at 2–3]. Slaybi seeks $326,428 in damages, comprising general damages for the intentional infliction of emotional and economic distress, special damages for the value of his illegally seized cell phone, and punitive damages. [Id. at 5]. Slaybi also seeks a permanent injunction prohibiting Officers Champoux and Mick "from employment in any capacity with [the MSP.]" [Id.]

## II. LEGAL STANDARDS

As a preliminary matter, Slaybi proceeds *pro se* in this action. Accordingly, the Court must "liberally construe[]" the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). While the Court must construe *pro se* complaints liberally and may only dismiss the action if Slaybi "cannot prove any set of facts entitling him" to relief, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). If the Complaint, even construed in Slaybi's favor, contains substantive issues that render it defective, dismissal is warranted.

The MSP moves to dismiss both on the basis of lack of jurisdiction and failure to state a claim. Where a district court faces motions to dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the 12(b)(1) motion should typically be decided first. Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995). Motions to dismiss based on claims of sovereign immunity under the Eleventh Amendment challenge the Court's subject matter jurisdiction over the case. Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 105 (1st Cir. 2015). Where, such as here, a party challenges the Court's subject matter jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its

existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

On the other hand, in evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all well-pled facts alleged in the complaint and draw all reasonable inferences" in Slaybi's favor. Miller v. Town of Wrentham, 833 F.3d 46, 51 (1st Cir. 2016) (quoting Evergreen Partnering Grp., 720 F.3d 33, 36 (1st Cir. 2013)).

Also before the Court is a motion for judgment on the pleadings, which are "treated much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43–44 (1st Cir. 2007)). Thus, the Court will apply a 12(b)(6) analysis, in which Slaybi must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court may ordinarily only consider the allegations contained "within the four corners of the plaintiff's complaint." Young v. Lepone, 305 F.3d 1, 10–11 (1st Cir. 2002).

## III. DISCUSSION

### A. Claims Against MSP

MSP argues that Slaybi's claims against it must be dismissed for two primary reasons. First, MSP has Eleventh Amendment sovereign immunity against state tort claims. [ECF No. 36 at 3]. Second, MSP argues that it is not a person subject to suit under § 1983 which prevents Slaybi from seeking relief against it. [ECF No. 36 at 5]. For his part, Slaybi largely does not contest MSP's arguments regarding its immunity under the Eleventh Amendment, both as to the IIED claim and the § 1983 claim.

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State." U.S. Const. amend. XI. The Supreme Court interprets the Eleventh Amendment as a bar preventing a citizen "from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." Welch v. Tx. Dep't of Highways & Pub. Transp., 483 U.S. 468, 472 (1987). Further, a suit against "state official[s] in [their] official capacit[ies] is not a suit against the official but rather . . . a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Additionally, immunity extends to suits where one of a State's "agencies or departments is named as the defendant." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

### *1. Section 1983*

MSP argues that Slaybi's § 1983 claim must be dismissed because the MSP is not a "person" subject to suit under § 1983. First, the Court finds that MSP is an agency of Massachusetts. As it points out, MSP is within the Executive Office of Public Safety and Security as set forth in Mass. Gen. Laws ch. 6A, §§ 2, 18. As such, Eleventh Amendment immunity extends to MSP unless the Court finds that it has waived its immunity.

Section 1983 provides a "vehicle through which individuals may sue certain persons for depriving them of federally assured rights." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008). The requirement that the individual sued be a "person" is fatal to Slaybi's claim here; the Supreme Court held in Will v. Michigan Department of State Police that neither states nor officials acting in official capacities are "persons" for the sake of actions under § 1983. 491 U.S. 58, 71 (1989). The same must be said about MSP, which is an agency of Massachusetts. See Brait Builders Corp. v. Massachusetts, 644 F.3d 5, 7, 10–12 (1st Cir. 2011) (holding that district court lacked subject matter jurisdiction because the complaint sought relief against an agency of Massachusetts

and was therefore not a "person" under § 1983); Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 (1st Cir. 2009) (holding that a state nor its agencies are "persons" under § 1983). Because MSP is an agency of Massachusetts, it is not a person under § 1983, and the Court therefore lacks subject matter jurisdiction. See Ploss v. Mass. Dep't of State Police, No. 23-CV-13236, 2025 WL 871223, at *2–3 (D. Mass. Mar. 19, 2025) (dismissing § 1983 claim against MSP for lack of jurisdiction). Consequently, Slaybi's § 1983 claim against MSP must be dismissed.

#### *2. Intentional Infliction of Emotional Distress*

Slaybi's IIED claim against the MSP suffers a similar jurisdictional fate. While the Massachusetts Tort Claims Act (MTCA) creates a path for plaintiffs to assert an action against a party with state sovereign immunity, that waiver is limited in that it only allows a plaintiff to pursue such a claim in state court. See Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the [MTCA], the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); Irwin v. Comm'r of Dep't of Youth Servs., 448 N.E. 2d 721, 727 (Mass. 1983) (holding that the MTCA's terms contain "neither an express nor a necessarily implicit consent by the Commonwealth to suit in Federal courts."). As such, the court lacks subject matter jurisdiction as to Slaybi's IIED claim against MSP and must therefore dismiss the claim.

### B. Claims Against Officers Mick and Champoux

The Officer-Defendants each contest that Slaybi has stated a claim upon which relief may be granted against them. The Court finds that jurisdictional bars prevent Slaybi from pleading under § 1983 and from pleading his IIED claim against the Officer-Defendants.

#### *1. Section 1983*

Slaybi's claims under § 1983 against the Officer-Defendants fare no better than his claim against MSP. A suit against state officials in their official capacities is "not a suit against the official

but rather is a suit against the official's office," which makes it "no different from a suit against the State itself." Will, 491 U.S. at 71. Additionally, unless there is an "explicit waiver from the state, the Eleventh Amendment bars 'official capacity suits' against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse, 346 F.3d at 218.

Against the Officer-Defendants, Slaybi seeks monetary damages only. [SAC at 5]. In his relief section, he seeks injunctive relief against only MSP, seeking for MSP to be the guarantor for any damages award assessed against the Officer-Defendants, and prohibiting MSP from employing the Officer-Defendants in the future. [Id.] Thus, even if the Court were to find that the injunctive relief sought by Slaybi was cognizable, he seeks this relief only against MSP, not from either of the Officer-Defendants. Because the Officer-Defendants are not persons under § 1983, and because the Eleventh Amendment prevents official capacity damages suits against them in the absence of a claim for prospective injunctive relief, the Court lacks subject matter jurisdiction over Slaybi's § 1983 claim as to the Officer-Defendants. As such, the claim must be dismissed.

***2. Intentional Infliction of Emotional Distress***

The Court finds that Slaybi's IIED claim is barred by Massachusetts law. As set forth previously, the MTCA is the exclusive remedy for bringing tort claims against Massachusetts or public employees acting in their official capacities. MASS. GEN. LAWS ch. 258, § 2. Slaybi's claim for IIED is barred under the MTCA because "public employees sued in their official capacity are not liable for intentional torts." Estock v. City of Westfield, 806 F. Supp. 2d 294, 303 (D. Mass. 2011) (citing MASS. GEN. LAWS ch. 258, § 10(c)). Such intentional torts include claims for intentional infliction of emotional distress. See Souza v. City of Fitchburg, 826 F. Supp. 3d 244, 263 (D. Mass. 2026) (finding that the MTCA barred an IIED claim against "municipality and individual [d]efendants in their official capacity"); Barrows v. Wareham Fire Dist., 976 N.E. 2d

830, 835 n.3 (Mass. App. Ct. 2012). Therefore, the MTCA prevents Slaybi from asserting any intentional tort claim, including IIED, against the Officer-Defendants in their official capacities. Accordingly, the claims must be dismissed.

## IV. CONCLUSION

The Officer-Defendants additionally raise qualified immunity arguments, but the Court need not address those arguments since the claims are dismissed on other grounds. See Foote v. Ludlow Sch. Comm., 128 F.4th 336, 357 n.23 (1st Cir. 2025). For the reasons stated above, the motions before the Court [ECF Nos. 29, 35, 37] are **GRANTED** and the case is **DISMISSED**.

**SO ORDERED.**

Dated: September 28, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge